By the Court.—Freedman, J.
The plaintiffs, as owners of the premises described in the printed case, agreed to sell the same to the defendant, but when, in pursuance of the agreement, the deed was tendered, the defendant refused to accept it and pay the purchase-money. The refusal proceeded upon the ground that plaintiffs’ title is imperfect, because, in a former deed to one Flannelly, through whom plaintiffs derived title, the piremises were erroneously described as beginning and ending at a point on the westerly side of Second avenue, fifty feet ten inches from the south-easterly comer of Second avenue and One-hundred-and-eleventh street, &c., the error being the use of the word “ southeasterly ” for “ south-westerly.”
The question submitted is whether the defendant *179 should be compelled to take title and pay the purchase-price.
There can be no doubt that, as a general rule, every conveyance should be so construed as to carry into effect the intention oí the parties, and that consequently any particular part of a description may be rejected, if inconsistent with the other parts, and sufficient remains to locate the land intended to be conveyed.
But I fail to see that the plain tiffs, upon the facts of this case, are entitled to have the rule enforced for their benefit. The rule rests entirely on considerations of an equitable nature. Under their contract, which must also be constrúed so as to carry into effect the intention of the parties to it, the plaintiffs are bound to convey a good title. It is not enough that they tender a deed sufficient in form. When they come into a court of equity and ask that the defendant be .compelled to take what they tender, they must show that equity is on their side. But here they are confronted with the fact that the error complained of relates to a point upon which the whole description hinges, and that there is no reference in the deed to any map or prior deed or other instrument which could assist in fixing the location. True, the said deed contains the clause: “Subject nevertheless to three certain mortgages now on said premises, made to secure the sum of $21,000, which the party of the second part hereby assumes and agrees to pay, with interest at the rate of seven per cent, per annum from the date hereof.” But this clause is in its turn also subject to the objection, that from it, it does not appear with sufficient certainty what mortgages were intended. Even if it were clear that the word “south-easterly” can be rejected as erroneous, nothing is left to show which corner of Second avenue and One-hundred-and-eleventh street was meant. For all that remains, the grantors named *180 in said deed may as well have intended to convey from a point distant fifty feet ten inches northerly from the north-westerly corner, as to have intended to convey from a point distant fifty feet ten inches southerly from the south-westerly corner of said street and avenue.
In every aspect of the case the error is of sufficient gravity to justify the defendant in his refusal, and equity will not compel him to take the doubtful title.
There should be judgment in favor of the defendant, with costs.
Sedgwick, Ch. J., and Russell, J., concurred.